FILED
CLERK
For Online Publication Only
12/20/2018 11:33 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARYLE D. MCCLENIC,

                               Plaintiff,

      -against-

COUNTY OF NASSAU, ARMOR CORRECTIONAL
CARE, NASSAU UNIVERSITY MEDICAL CENTER,
JOHN DOE NASSAU MEDICAL STAFF,

                              Defendants.
------------------------------------------------------------------X

**ORDER**
18-CV-02017 (JMA)(SIL)

**AZRACK, District Judge:**

On April 4, 2018, incarcerated *pro se* plaintiff Daryle D. McClenic ("plaintiff") commenced this action against the County of Nassau ("Nassau County"), Armor Correctional Health Services of New York, Inc. s/h/a Armor Correctional Care ("Armor"), Nassau County Health Care Corporation s/h/a Nassau University Medical Center ("NUMC"), and unidentified "Nassau medical staff" ("unnamed individuals" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

                **I.     BACKGROUND**[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

complaint form.  In its entirety, plaintiff's statement of claim alleges that:[2]

> On or about June 2015 I tore my right "ACL" knee during a rec period. In Dec. 16, 2015 a MRI exam @ NUMC resulted ACL right knee has a complete acute torn ACL.  Surgery is required & therapy order.  But never happens.  At the time of rec period Armor CC & grievance procedures June 2015/Feb 2018-presentand no surgery and minimum physical therapy.  Right knee suffers chronic pain & damages under medical care at this time & during this period in length June-Sept 2015-present.

(Compl. ¶ IV.)  As a result, plaintiff claims to have suffered "[a] complete acute tore right ACL as a result during rec period at NCCC.  No medical care has been taken so far and complaints denied (No surgery, therapy)." (Id. ¶ IV.A.)  For relief, plaintiff seeks "injunctive &/or declaratory relief and damages: compensatory, cosmetic enhanced, actual, punitive, restitution, permanent, future, irreparable, nominal, multiple & excessive damages in the amount of and in total 15 (fifteen) million U.S.D." (Id. at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation and grammar have not been corrected or noted.

any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a

3

formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter

4

of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

   1.   **Section 1983 Claims Against Nassau County**

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau

County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Nassau County. Because plaintiff has not alleged a plausible Section 1983 claim against Nassau County, such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Section 1983 Claims Against Armor and NUMC

"Armor is a private company that provides medical services for inmates at the [Nassau County Correctional Center ("NCCC")] pursuant to a contract with the Nassau County Sheriff's Department . . . ." Garcia v. Armor Health Care, Inc., 16-CV-1996, 2016 WL 3647870, at *3 (E.D.N.Y. July 1, 2016) (internal citation and quotation marks omitted). The Court assumes for purposes of this order that Armor was acting under color of state law in rendering medical services to plaintiff at the NCCC. See, e.g., Feder v. Sposato, 11-CV-93, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("Because Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, Armor . . . [was] 'acting under the color of state law' for purposes of Section 1983").

NUMC is a part of the NCHCC and "NCHCC is a Public Benefit Corporation created by the New York State Legislature." Johnson v. Cnty. of Nassau, 480 F. Supp. 2d 581, 588 (E.D.N.Y. Mar. 15, 2007). "Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983." See, e.g., McIntyre v. NuHealth-Nassau Univ. Med. Ctr., 11-CV-3934, 2011 WL 4434227 at *1, n. 4 (E.D.N.Y. Sept. 19, 2011)(citing McGrath v. Nassau Health Care Corp., 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit

6

corporations are governmental entities for Section 1983's purposes.")).

Thus, Armor and NUMC may be liable under Section 1983 only if "the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978)) (internal quotation marks omitted); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell dealt with municipal employers, its rationale has been extended to private businesses." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law); McIntyre, 2011 WL 4434227 at *4 ("In order to allege a plausible Section 1983 claim against a municipality, including a public benefit corporation such as NHCC, a plaintiff must allege an 'injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy.'" (quoting Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks and citation omitted)); Sewell v. New York City Transit Auth., Nos. 90-CV-3734, 91-CV-1274, 1992 WL 202418, at * 2 (E.D.N.Y. Feb.10, 1992) ("The 'policy or custom' requirement of Monell applies to public corporations as well as to municipalities. . . . Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights.")).

Here, plaintiff's sparse complaint does not include any factual allegations from which the

7

Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor or NUMC. Santos, 847 F. Supp. 2d at 576 ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor or NUMC, his claims against these defendants are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

4. **Section 1983 Claims Against the Unnamed Individuals**

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff may not now know the names of the individuals he seeks to sue, he has not referenced any particular individuals, nor has he provided any identifying information such that their identities could be ascertained. Thus, plaintiff has not alleged a viable § 1983 claim against any of these defendants. Given the absence of any allegations of conduct or inaction attributable to any particular individual, plaintiff's claims as alleged are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

5. **State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to

9

amend his complaint. In light of plaintiff's *pro se* status and in an abundance of caution, plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. However, given that plaintiff is no longer incarcerated at the NCCC, any claims seeking injunctive relief against the defendants concerning his medical treatment are moot and shall not be included in any amended complaint.

Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 18-CV-2017(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against any defendant(s) in the amended complaint. If plaintiff cannot identify the individual(s) he seeks to sue, he may name them as "John Doe" or "Jane Doe" and shall include sufficient information concerning conduct and/or inaction attributable to them as well as any identifying information he may have such that their identities may be ascertained. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed and plaintiff's claims will all be dismissed with prejudice.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted leave to file an amended complaint. Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this order, 18-CV-2017, and shall be filed within thirty (30) days from the date at the bottom of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Dated: December 20, 2018
Central Islip, New York